**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

RUSSELL HAGAR, )
)
      Plaintiff, ) **Case No.:**
)
   v. ) **JURY TRIAL DEMANDED**
)
MIDLAND FUNDING, LLC, MIDLAND )
CREDIT MANAGEMENT, INC; and )
ENCORE CAPITAL GROUP, INC., )
)
      Defendants. )

## **COMPLAINT**

RUSSELL HAGAR ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland), MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore") (collectively "Defendants").

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Maryland, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Monett, Missouri.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

8. Defendant MCM is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

9. Defendant Encore is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

10. Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendants were acting in concert and attempting to collect an alleged consumer debt from Plaintiff related to a T-Mobile cell phone bill.

13. The debt arose out of transactions that were primarily for personal, family, or household purposes.

14. As Plaintiff has no business debt, the debt sought by Defendants could only have been for personal purposes.

15. Throughout February 2013, Defendants' collectors, including "Ruby Johnson" and "Charles Simmons," placed repeated harassing telephone calls to Plaintiff's cellular and work telephone numbers.

16. Defendants' calls originated from numbers, including but not limited to, (800) 265-8825. The undersigned has confirmed that this number belongs to Defendant MCM.

17. Defendants also placed telephone calls to Plaintiff's former place of employment, and also to Plaintiff's father, disclosing that Defendant is a debt collector attempting to collect a debt.

18. Plaintiff never authorized Defendants to disclose that he owed a debt to any third party.

19. This disclosure to his father and prior employer were highly embarrassing to Plaintiff, as he did not want any third parties to know about any outstanding debts he may owe.

20. Plaintiff told Defendants to stop calling him and to send him something in writing, but despite this request Defendants continued to call Plaintiff, and did not send him any information concerning the debt in writing.

21. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

22. At all times, Defendants acted intentionally to harass, abuse and coerce Plaintiff into paying an alleged debt.

## COUNT I
## DEFENDANTS VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692b of the FDCPA prohibits debt collectors from communicating with any person other than the consumer from stating the consumer owes any debt.

24. Defendants violated §§ 1692b(2) of the FDCPA when they told Plaintiff's former employer and father that they were a debt collector attempting to collect a debt from Plaintiff.

## COUNT II
## DEFENDANTS VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating in connection with the collection of a debt with any personal other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

26. Defendants violated section 1692c(b) of the FDCPA when they told Plaintiff's former employer and father that they were a debt collector attempting to collect a debt from Plaintiff.

## COUNT III
## DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Here, Defendants violated §§1692d and 1692d(5) of the FDCPA when they placed repeated harassing telephone calls to Plaintiff, caused his telephone to ring repeatedly or continuously, and when it engaged in other oppressive, abusive and harassing practices.

**COUNT IV**
**DEFENDANTS VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

31. Defendants violated section 1692f of the FDCPA when they placed repeated harassing telephone calls to Plaintiff, caused his telephone to ring repeatedly or continuously, when it disclosed to Plaintiff's father and former employer that they were a debt collector attempting to collect a debt, and when they engaged in other unfair conduct.

**COUNT V**
**DEFENDANTS VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32. Section 1692g(a) of the FDCPA requires a debt collector: (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33. Defendants violated section 1692g(a) by failing to send anything in writing to Plaintiff within five days of their initial communication with him concerning this debt.

WHEREFORE, Plaintiff, RUSSELL HAGAR, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RUSSELL HAGAR, demands a jury trial in this case.

- 6 -

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: 01/29/14

                    By: /s/Amy L. Bennecoff
                       Amy L. Bennecoff
                       Kimmel & Silverman, P.C
                       Bar ID No. 29950
                       30 East Butler Pike
                       Ambler, PA 19002
                       Telephone: (215) 540-8888
                       Facsimile (215) 540-8817
                       Email: abennecoff@creditlaw.com
                       Attorney for Plaintiff